UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Janice Aruffo, | : |
|             Plaintiff, | : Civil Action No.: _____ |
|   v. | : |
| American Education Services, | : **COMPLAINT** |
|             Defendant. | : |

For this Complaint, the Plaintiff, Janice Aruffo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Janice Aruffo ("Plaintiff"), is an adult individual residing in Haverton, Pennsylvania, and is a "person" as defined by 47 U.S.C. § 153(10).

4. The Defendant, American Education Services ("AES"), is a Pennsylvania business entity with an address of 1200 North Seventh Street, Harrisburg, Pennsylvania 17102, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

5. Within the last four (4) years, beginning in July/August 2013, AES placed calls to Plaintiff's cellular telephone, number 610-xxx-5850, in an attempt to collect on a credit card debt.

6. At all times mentioned herein, AES placed calls to Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. Upon answering each of AES' ATDS calls, Plaintiff heard an extended period of silence only after which a live representative came on the line.

8. During a conversation in or around August 2013, Plaintiff requested AES cease the excessive and harassing calls to her cellular phone.

9. Despite Plaintiff's request, AES continued to place ATDS calls to Plaintiff's cellular phone.

10. If at one time AES had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

11. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. At all times mentioned herein and within the last four years, Defendant called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

13. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

14. Defendant's telephone systems have some earmarks of a predictive dialer. Often times when Plaintiff answered the phone, she was met with a period of silence before Defendant's telephone system would connect her to live person.

15. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Plaintiff revoked her consent to be contacted on her cellular telephone, and in fact instructed Defendant verbally to stop all calls to her and cease calling her cellular telephone.

17. Defendant continued to place automated calls to Plaintiff's cellular telephone after being advised to stop calling and knowing there was no consent to continue the calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

25. The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

26. As a result of the Defendant's violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Actual damages pursuant to 73 P.S. § 201-9.2(a);

4. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

5. Treble damages pursuant to 73 P.S. § 201-9.2(a);

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2014

        Respectfully submitted,

        By /s/ JBB8445

        Jody B. Burton, Esq.
        Bar No.: 71681
        LEMBERG LAW L.L.C.
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (203) 653-3424
        Attorneys for Plaintiff